IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

                Plaintiff

      -v-

Christopher Lee
6442 Sparks Road
Pavilion, NY 14525

Rural Housing Opportunities Corporation
400 East Avenue
Rochester, NY 146017

JOHN DOE, MARY ROE AND XYZ
CORPORATION,
6442 Sparks Road
Pavilion, New York 14525

                Defendants

Civil No.:    _____

COMPLAINT – ACTION TO
FORECLOSE A MORTGAGE

---

The United States of America, a Sovereign, by Forsyth, Howe,

O'Dwyer, Kalb & Murphy, P.C., Attorneys for the Plaintiff, complains

and alleges as follows:

1.    This Court has jurisdiction under the provisions of Title

28, United States Code, Section 1345.

2.    On or about 12/2/2008, at the request of the defendant,

Christopher Lee, (hereinafter referred to as the "Debtor"), the

United States of America, acting by and through its agency, Rural Housing Service fka Farmers Home Administration (hereinafter "Plaintiff"), did lend to the Debtor, the sum of $97,900.00, which sum the Debtor did undertake and promise to repay, with interest at 5.375% in specified monthly installments.

3.   As evidence of the indebtedness, the Debtor, did execute and deliver to the Plaintiff a Promissory Note dated 12/2/2008, a true copy of which is attached as Exhibit **"A"**.

4.  In order to secure the payment of the indebtedness the Debtor, did execute, acknowledge and deliver to the Plaintiff, a real property mortgage dated 12/2/2008, a true copy of which is attached as Exhibit **"B"**.

5. The mortgage was duly recorded on 12/2/2008 in the Genesee County Clerk's Office in Liber 1566 of Mortgages at Page 878.

6.   Plaintiff is now the owner and holder of the Promissory Note and Mortgage.

7. Pursuant to the terms of certain Interest Credit Agreements executed by a representative of the Plaintiff and the Debtor, the interest described in the Promissory Note was reduced during each

Agreement's effective period.  Pursuant to 42 U.S.C. 1490a, and the fourth paragraph on page 1 and the eleventh paragraph on page 4 of the Mortgage, any interest credit assistance is subject to recapture upon the disposition of the property. True copies of said Subsidy Repayment Agreement and the Deferred Mortgage Assistance Agreements are attached as Exhibits **"C"** and **"D"**, respectively.

8. The Debtor has breached and violated the provisions of the Promissory Note and Mortgage in that he did neglect and fail to pay the installments of principal and interest when due, despite due demand therefore and by failing to make payment of real property taxes when due, thus making it necessary for the Plaintiff to pay the same to protect its interest.

9. By reason of the defaults described herein, Plaintiff has elected to declare the entire sums secured by the mortgage to be due and payable.

10. There is now justly due and payable to the Plaintiff, as of 1/11/2016, on the Promissory Note and Mortgage the following sums:

| | |
|---|---|
| Unpaid Principal (Note) | $83,786.08 |
| Unpaid Interest (Note) | $8,390.09 |
| Unpaid Principal (Advances) | $5,326.02 |
| Unpaid Interest (Advances) | $240.96 |
| Late Charges | $23.28 |
| Interest Credit Recapture | $0 |
| (Total Subsidy $14,936.04, Plaintiff Is not seeking recovering of subsidy due to lack of equity) | |

Total          $97,766.43

together with interest at the rate of 5.375% per annum on principal and all advances from 1/11/2016.

11.   Upon information and belief, Plaintiff may be compelled to make additional advances for payment of taxes, hazard insurance water and sewer charges, or other municipal assessments maintenance, in order that it may protect and preserve security, but the nature and amount thereof is unknown to Plaintiff at this time. Nevertheless, Plaintiff seeks recovery thereof and therefore, together with interest thereon.

12. No other action or proceeding has been brought at law or otherwise for the recovery of said sums secured by the Promissory Note and Mortgage, or any part thereof.

13. The defendant, Rural Housing Opportunities Corporation, as set forth in Exhibit "E" has or may claim to have some interest in, or lien upon the mortgaged premises or some part thereof, which interest or lien,

if any accrued subsequently to the lien of the United States of America's mortgage and is subsequent thereto.

14.   That the Plaintiff has complied with the notice provisions of New York State RPAPL Section 1304.  A copy of the required notice is attached hereto as Exhibit **"F"**.

15.   Upon information and believe, the provisions of Banking Law Section 595-a, and any rules and regulations promulgated thereunder, and Banking law Sections 6-1 and 6-m and RPAPL section 1302(1) are not applicable to the mortgage loan(s) that is the subject of this proceeding.

16.   At the time this proceeding was commenced, the Plaintiff has complied with the provisions of New York State RPAPL Section 1306 regarding filing with the Superintendent of the New York State Banking Department.  A copy of the required filing is attached hereto as Exhibit **"G"**.

17. The true names of the defendants John Doe, Mary Roe and XYZ Corporation are unknown to the United States, those names being fictitious, but intending to designate tenants, occupants or other persons, if any, having or claiming any estate or interest in possession upon the premises or any portion thereof.

WHEFORE, Plaintiff demands judgment:

(a)  That the defendants, or either or any of them, subsequent to the filing of the Notice of Pendency of this action, and every person whose conveyance or encumbrance is subsequent or subsequently recorded, be forever barred and foreclosed of all right, claim, lien and equity of redemption in the mortgaged premises;

(b)  That the premises may be decreed to be sold according to law;

(c)  That the amount due to the Plaintiff on the promissory note and mortgage may be adjudged;

(d)  That the moneys arising from the sale may be brought into Court;

(e)  That the Plaintiff may be paid the amount adjudged to be due to the Plaintiff with interest thereon to the time of such payment, together with the costs and expenses of this action and the expenses of the sale, so far as the amount of such money properly applicable thereto will pay the same;

(f)  And that the Plaintiff may have such other and further relief as may be just and equitable.

DATED:     Rochester, New York   January 11, 2016

S/Robert J. Kalb
_____
FORSYTH, HOWE, O'DWYER,
KALB & MURPHY, P.C.
One Chase Square, Suite 1900
Rochester, NY  14604
(585) 325-7515
Fax:  (585) 325-6287
Email:  Kalb@forsythhowe.com

**EXHIBIT A**

Form RD 1940-16
(Rev. 7-05)

Form Approved
OMB No. 0575-0172

### UNITED STATES DEPARTMENT OF AGRICULTURE
### RURAL HOUSING SERVICE

## PROMISSORY NOTE

Type of Loan   SECTION 502

**SATISFIED**

Loan No.   36913791

Date:   12/02   20 08

This _____ day of _____ ,20 _____
United States of America
By: _____
Title: _____
USDA, Rural Housing Services

6442 Sparks Rd

Pavilion _____, Genesee _____, NY _____
(City or Town)                    (Property Address)          (State)
                                          (County)

**BORROWER'S PROMISE TO PAY.** In return for a loan that I have received, I promise to pay to the order of the United States of America, acting through the Rural Housing Service (and its successors) ("Government") $ 97,900.00 (this amount is called "principal"), plus interest.

**INTEREST.** Interest will be charged on the unpaid principal until the full amount of the principal has been paid. I will pay interest at a yearly rate of _____5.3750_____ %. The interest rate required by this section is the rate I will pay both before and after any default described below.

**PAYMENTS.** I agree to pay principal and interest using one of two alternatives indicated below:

I. Principal and interest payments shall be temporarily deferred. The interest accrued to _____, _____ shall be added to the principal. The new principal and later accrued interest shall be payable in ___396___ regular amortized installments on the date indicated in the box below. I authorize the Government to enter the amount of such new principal here: $_____, and the amount of such regular installments in the box below when such amounts have been determined. I agree to pay principal and interest in installments as indicated in the box below.

II. Payments shall not be deferred. I agree to pay principal and interest in ___396___ installments as indicated in the box below.

I will pay principal and interest by making a payment every month.
I will make my monthly payment on the __2nd__ day of each month beginning on ___January 2___ , __2009__ and continuing for __395__ months. I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this note. My monthly payments will be applied to interest before principal. If on __December 2__ ,2041 , I still owe amounts under this note, I will pay those amounts in full on that date, which is called the "maturity date."
My monthly payment will be $ 528.56 _____. I will make my monthly payment at the post office address noted on my billing statement _____ or a different place if required by the Government.

**PRINCIPAL ADVANCES.** If the entire principal amount of the loan is not advanced at the time of loan closing, the unadvanced balance of the loan will be advanced at my request provided the Government agrees to the advance. The Government must make the advance provided the advance is requested for an authorized purpose. Interest shall accrue on the amount of each advance beginning on the date of the advance as shown in the Record of Advances below. I authorize the Government to enter the amount and date of the advance as shown in the Record of Advances below. I authorize the Government to enter the amount and date of such advance on the Record of Advances.

**HOUSING ACT OF 1949.** This promissory note is made pursuant to title V of the Housing Act of 1949. It is for the type of loan indicated in the "Type of Loan" block at the top of this note. This note shall be subject to the present regulations of the Government and to its future regulations not inconsistent with the express provisions of this note.

According to the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number. The valid OMB control number for this information collection is 0575-0172. The time required to complete this information collection is estimated to average 15 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information.

**LATE CHARGES.** If the Government has not received the full amount of any monthly payment by the end of___15___days after the date it is due, I will pay a late charge. The amount of the charge will be_____2_____ percent of my overdue payment of principal and interest. I will pay this charge promptly, but only once for each late payment.

**BORROWER'S RIGHT TO PREPAY.** I have the right to make payments of principal at any time before they are due. A payment of principal only is known as a "prepayment." When I make a prepayment, I will tell the Government in writing that I am making a prepayment.

I may make a full prepayment or partial prepayment without paying any prepayment charge. The Government will use all of my prepayments to reduce the amount of principal that I owe under this Note. If I make a partial prepayment, there will be no changes in the due date or in the amount of my monthly payment unless the Government agrees in writing to those changes. Prepayments will be applied to my loan in accordance with the Government's regulations and accounting procedures in effect on the date of receipt of the payment.

**ASSIGNMENT OF NOTE.** I understand and agree that the Government may at any time assign this note without my consent. If the Government assigns the note I will make my payments to the assignee of the note and in such case the term "Government" will mean the assignee.

**CREDIT ELSEWHERE CERTIFICATION.** I certify to the Government that I am unable to obtain sufficient credit from other sources at reasonable rates and terms for the purposes for which the Government is giving me this loan.

**USE CERTIFICATION.** I certify to the Government that the funds I am borrowing from the Government will only be used for purposes authorized by the Government.

**LEASE OR SALE OF PROPERTY.** If the property constructed, improved, purchased, or refinanced with this loan is (1) leased or rented with an option to purchase, (2) leased or rented without option to purchase for 3 years or longer, or (3) is sold or title is otherwise conveyed, voluntarily or involuntarily, the Government may at its option declare the entire remaining unpaid balance of the loan immediately due and payable. If this happens, I will have to immediately pay off the entire loan.

**REQUIREMENT TO REFINANCE WITH PRIVATE CREDIT.** I agree to periodically provide the Government with information the Government requests about my financial situation. If the Government determines that I can get a loan from a responsible cooperative or private credit source, such as a bank or a credit union, at reasonable rates and terms for similar purposes as this loan, at the Government's request, I will apply for and accept a loan in a sufficient amount to pay this note in full. This requirement does not apply to any cosigner who signed this note pursuant to section 502 of the Housing Act of 1949 to compensate for my lack of repayment ability.

**SUBSIDY REPAYMENT AGREEMENT.** I agree to the repayment (recapture) of subsidy granted in the form of payment assistance under the Government's regulations.

**CREDIT SALE TO NONPROGRAM BORROWER.** The provisions of the paragraphs entitled "Credit Elsewhere Certification" and "Requirement to Refinance with Private Credit" do not apply if this loan is classified as a nonprogram loan pursuant to section 502 of the Housing Act of 1949.

**DEFAULT.** If I do not pay the full amount of each monthly payment on the date it is due, I will be in default. If I am in default the Government may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Government may require me to immediately pay the full amount of the unpaid principal, all the interest that I owe, and any late charges. Interest will continue to accrue on past due principal and interest. Even if, at a time when I am in default, the Government does not require me to pay immediately as described in the preceding sentence, the Government will still have the right to do so if I am in default at a later date. If the Government has required me to immediately pay in full as described above, the Government will have the right to be paid back by me for all of its costs and expenses in enforcing this promissory note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorney's fees.

**EXHIBIT B**

LIBER **1566** PAGE **87**



# Office of the Genesee County Clerk
# Don M. Read, County Clerk

E-Mail:  coclerk@co.genesee.ny.us
Website:  www.co.genesee.ny.us
**Regular Mail Address:**
PO Box 379
Batavia, N.Y. 14021-0379

Phone:  585-344-2550 ext 2242
Fax:      585-344-8521
**Shipping & Express Mail Address:**
County Bldg #1, 15 Main Street
Batavia, N.Y. 14020

DOCUMENT # 6792

MTAX:   CZ 1237          $.00

12/02/2008          04:29:32 P.M.
RECEIPT: 13268      FEE: $80.00
GENESEE COUNTY CLERK

LIBER: 1566   PAGE: 877

Type/Print LEGIBLY - Black Ink:  **After Recordation Return this Document to:**

*Mary Ann Wiater*

_____

_____

_____

This Document Was Recorded By: *Monroe Title*

Method of Document Return:
[  ] Postage Paid Return Envelope
[X] Office Box   [  ] Courier
[  ] Inter Office Mail Service
[  ] Periodic Mail – No Return Envl
[  ] Mail – General Public          ***

**THE SPACE BELOW  IS RESERVED FOR THE COUNTY CLERK REQUIRED RECORDING INFORMATION**

DOCUMENT TYPE  *Mortgage*

TAX DISTRICT  *Pavilion*                    # Pages to Validate  *9 (8)*

MORTGAGE RECORDING TAX RECEIPT

**Total Amount Secured By Mortgage:**

$ **97,900.00**   *

[  ] 1-2 Family Clause Applicable
[X] Mortgage Tax Affidavit Attached
[  ] To be Apportioned
[  ] Mortgage Tax Exempt
[  ] Recapture Obligation Included *

BASIC   $_____

LOCAL   $_____

ADDTL   $_____   *EXEMPT*

SPECIAL   $_____

TOTAL TAX  $_____

CROSS REFERENCES

~L_____ P_____ Yr_____

~L_____ P_____ Yr_____

~L_____ P_____ Yr_____

~L_____ P_____ Yr_____

~L_____ P_____ Yr_____

State of New York            }
County of Genesee           }
    I do hereby certify that I have received the amounts cited above on the within Mortgage,
being the amount of the Recording Tax imposed thereon and paid at the time of recording.

_____ Genesee County Clerk

**DO NOT DETACH THIS PAGE FROM THE DOCUMENT:**
This page constitutes the County Clerks Endorsement as Required by Section 319 of the Real Property Law of New York State.

_____ , Genesee County Clerk

**************************************************************************************************
THIS SPACE RESERVED FOR COUNTY CLERK NOTES

LIBER **1 5 6 6** PAGE   **878**

| | (Space Above This Line For Recording Data) | |
|---|---|---|
| Form RD 3550-14 NY (Rev. 6-03) | | Form Approved OMB No. 0575-0172 |

### United States Department of Agriculture
### Rural Housing Service

## MORTGAGE FOR NEW YORK

THIS MORTGAGE ("Security Instrument") is made on                    December 2, 2008    . [Date]
The mortgagor is  CHRISTOPHER LEE, residing at 770 Main Road, Corfu, New York 14036

                                                                                              ("Borrower").
This Security Instrument is given to the United States of America acting through the Rural Housing Service or successor agency, United States Department of Agriculture ("Lender"), whose address is Rural Housing Service, c/o Centralized Servicing Center, United States Department of Agriculture, P.O. Box 66889, St. Louis, Missouri 63166.

Borrower is indebted to Lender under the following promissory notes and/or assumption agreements (herein collectively called "Note") which have been executed or assumed by Borrower and which provide for monthly payments, with the full debt, if not paid earlier, due and payable on the maturity date:

| Date of Instrument | Principal Amount | Maturity Date |
|---|---|---|
| December 2, 2008 | $97,900.00 | December 2, 2041 |

This Security Instrument secures to Lender: (a) the repayment of the debt evidenced by the Note, with interest, and all renewals, extensions and modifications of the Note; (b) the payment of all other sums, with interest, advanced under paragraph 7 to protect the property covered by this Security Instrument; (c) the performance of Borrower's covenants and agreements under this Security Instrument and the Note, and (d) the recapture of any payment assistance and subsidy which may be granted to the Borrower by the Lender pursuant to 42 U.S.C. §§ 1472(g) or 1490a. For this purpose, Borrower irrevocably grants and conveys to Lender the following described property located in the County of
                              Genesee , State of New York:

SEE ATTACHED SCHDULE A

which has the address of  6442 Sparks Road, Town of Pavilion
                                  [Street]                                                              [City]                      , New York 14525
                                                                                                                                              [ZIP]
("Property Address");

According to the Paperwork Reduction Act of 1996, no persons are required to respond to a collection of information unless it displays a valid OMB control number. The valid OMB control number for this collection is 0575-0172. The time required to complete this information collection is estimated to average 15 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information.

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures which no or hereafter are a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property."

LIBER 1566 PAGE 879

BORROWER COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and has the right to grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:

**1. Payment of Principal and Interest; Prepayment and Late Charges.** Borrower shall promptly pay when due the principal of and interest on the debt evidenced by the Note and any prepayment and late charges due under the Note.

**2. Funds for Taxes and Insurance.** Subject to applicable law or to a written waiver by Lender, Borrower shall pay to Lender on the day monthly payments are due under the Note, until the Note is paid in full, a sum ("Funds") for: (a) yearly taxes and assessments which may attain priority over this Security Instrument as a lien on the Property; (b) yearly leasehold payments or ground rents on the Property, if any; (c) yearly hazard or property insurance premiums; and (d) yearly flood insurance premiums, if any. These items are called "Escrow Items." Lender may, at any time, collect and hold Funds in an amount not to exceed the maximum amount a lender for a federally related mortgage loan may require for Borrower's escrow account under the federal Real Estate Settlement Procedures Act of 1974 as amended from time to time, 12 U.S.C. § 2601 et seq. ("RESPA"), unless another law or federal regulation that applies to the Funds sets a lesser amount. If so, Lender may, at any time, collect and hold Funds in an amount not to exceed the lesser amount. Lender may estimate the amount of Funds due on the basis of current data and reasonable estimates of expenditures of future Escrow Items or otherwise in accordance with applicable law.

The Funds shall be held by a federal agency (including Lender) or in an institution whose deposits are insured by a federal agency, instrumentality, or entity. Lender shall apply the Funds to pay the Escrow Items. Lender may not charge Borrower for holding and applying the Funds, annually analyzing the escrow account, or verifying the Escrow Items, unless Lender pays Borrower interest on the Funds and applicable law permits Lender to make such a charge. However, Lender may require Borrower to pay a one-time charge for an independent real estate tax reporting service used by Lender in connection with this loan, unless applicable law provides otherwise. Unless an agreement is made or applicable law requires interest to be paid, Lender shall not be required to pay Borrower any interest or earnings on the Funds. Borrower and Lender may agree in writing, however, that interest shall be paid on the Funds. Lender shall give to Borrower, without charge, an annual accounting of the Funds, showing credits and debits to the Funds and the purpose for which each debit to the Funds was made. The Funds are pledged as additional security for all sums secured by this Security Instrument.

If the Funds held by Lender exceed the amounts permitted to be held by applicable law, Lender shall account to Borrower for the excess funds in accordance with the requirements of applicable law. If the amount of the Funds held by Lender at any time is not sufficient to pay the Escrow Items when due, Lender may so notify Borrower in writing, and, in such case Borrower shall pay to Lender the amount necessary to make up the deficiency. Borrower shall make up the deficiency in no more than twelve monthly payments, at Lender's sole discretion.

Upon payment in full of all sums secured by this Security Instrument, Lender shall promptly refund to Borrower any Funds held by Lender. If Lender shall acquire or sell the Property after acceleration under paragraph 22, Lender, prior to the acquisition or sale of the Property, shall apply any Funds held by Lender at the time of acquisition or sale as a credit against the sums secured by this Security Instrument.

**3. Application of Payments.** Unless applicable law or Lender's regulations provide otherwise, all payments received by Lender under paragraphs 1 and 2 shall be applied in the following order of priority: (1) to advances for the preservation or protection of the Property or enforcement of this lien; (2) to accrued interest due under the Note; (3) to principal due under the Note; (4) to amounts required for the escrow items under paragraph 2; (5) to late charges and other fees and charges.

**4. Charges; Liens.** Borrower shall pay all taxes, assessments, charges, fines and impositions attributable to the Property which may attain priority over this Security Instrument, and leasehold payments or ground rents, if any. Borrower shall pay these obligations in the manner provided in paragraph 2, or if not paid in that manner, Borrower shall pay them on time directly to the person owed payment. Borrower shall promptly furnish to Lender all notices of amounts to be paid under this paragraph. If Borrower makes these payments directly, Borrower shall promptly furnish to Lender receipts evidencing the payments.

Borrower shall promptly discharge any lien which has priority over this Security Instrument unless Lender has agreed in writing to such lien or to Borrower: (a) agrees in writing to the payment of the obligation secured by the lien in a manner acceptable to Lender; (b) contests in good faith the lien by, or defends against enforcement of the lien in, legal proceedings which in the Lender's opinion operate to prevent the enforcement of the lien; or (c) secures from the holder of the lien an agreement satisfactory to Lender subordinating the lien to this Security Instrument. If Lender determines that any part of the Property is subject to a lien which may attain priority over this Security Instrument, Lender may give Borrower a notice identifying the lien. Borrower shall satisfy the lien or take one or more of the actions set forth above within ten (10) days of the giving of notice.

Borrower shall pay to Lender such fees and other charges as may now or hereafter be required by regulations of Lender, and pay or reimburse Lender for all of Lender's fees, costs, and expenses in connection with any full or partial release or subordination of this instrument or any other transaction affecting the Property.

5. **Hazard or Property Insurance.** Borrower shall keep the improvements now existing or hereafter erected on the Property insured against loss by fire, hazards included within the term "extended coverage" and any other hazards, including floods or flooding, for which Lender requires insurance. This insurance shall be maintained in the amounts and for the periods that Lender requires. The insurer providing the insurance shall be chosen by Borrower subject to Lender's approval which shall not be unreasonably withheld. If Borrower fails to maintain coverage described above, at Lender's option Lender may obtain coverage to protect Lender's rights in the Property pursuant to paragraph 7.

All insurance policies and renewals shall be in a form acceptable to Lender and shall include a standard mortgagee clause. Lender shall have the right to hold the policies and renewals. If Lender requires, Borrower shall promptly give to Lender all receipts of paid premiums and renewal notices. In the event of loss, Borrower shall give prompt notice to the insurance carrier and Lender. Lender may make proof of loss if not made promptly by Borrower.

Unless Lender and Borrower otherwise agree in writing, insurance proceeds shall be applied to restoration or repair of the Property damaged, if the restoration or repair is economically feasible and Lender's security is not lessened. If the restoration or repair is not economically feasible or Lender's security would be lessened, the insurance proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with any excess paid to Borrower. If Borrower abandons the Property, or does not answer within thirty (30) days a notice from Lender that the insurance carrier has offered to settle a claim, then Lender may collect the insurance proceeds. Lender may use the proceeds to repair or restore the Property or to pay sums secured by this Security Instrument, whether or not then due. The thirty (30) day period will begin when the notice is given.

Unless Lender and Borrower otherwise agree in writing, any application of proceeds to principal shall not extend or postpone the due date of the monthly payments referred to in paragraphs 1 and 2 or change the amount of the payments. If after acceleration the Property is acquired by Lender, Borrower's right to any insurance policies and proceeds resulting from damage to the Property prior to the acquisition shall pass to Lender to the extent of the sums secured by this Security Instrument immediately prior to the acquisition.

6. **Preservation, Maintenance, and Protection of the Property; Borrower's Loan Application; Leaseholds.** Borrower shall not destroy, damage or impair the Property, allow the Property to deteriorate, or commit waste on the Property. Borrower shall maintain the improvements in good repair and make repairs required by Lender. Borrower shall comply with all laws, ordinances, and regulations affecting the Property. Borrower shall be in default if any forfeiture action or proceeding, whether civil or criminal, is begun that in Lender's good faith judgment could result in forfeiture of the Property or otherwise materially impair the lien created by this Security Instrument or Lender's security interest. Borrower may cure such a default by causing the action or proceeding to be dismissed with a ruling that, in Lender's good faith determination, precludes forfeiture of the Borrower's interest in the Property or other material impairment of the lien created by this Security Instrument or Lender's security interest. Borrower shall also be in default if Borrower, during the loan application process, gave materially false or inaccurate information or statements to Lender (or failed to provide Lender with any material information) in connection with the loan evidenced by the Note. If this Security Instrument is on a leasehold, Borrower shall comply with all the provisions of the lease. If Borrower acquires fee title to the Property, the leasehold and the fee title shall not merge unless Lender agrees to the merger in writing.

7. **Protection of Lender's Rights in the Property.** If Borrower fails to perform the covenants and agreements contained in this Security Instrument, or there is a legal proceeding that may significantly affect Lender's rights in the Property (such as a proceeding in bankruptcy, probate, for condemnation or forfeiture or to enforce laws or regulations), then Lender may do and pay for whatever is necessary to protect the value of the Property and Lender's rights in the Property. Lender's actions may include paying any sums secured by a lien which has priority over this Security Instrument, appearing in court, paying reasonable attorneys' fees and entering on the Property to make repairs. Although Lender may take action under this paragraph 7, Lender is not required to do so. Any amounts disbursed by Lender under this paragraph 7 shall become additional debt of Borrower secured by this Security Instrument. Unless Borrower and Lender agree to other terms of payment, these amounts shall bear interest from the date of disbursement at the Note rate and shall be payable, with interest, upon notice from Lender to Borrower requesting payment.

**8. Refinancing.** If at any time it shall appear to Lender that Borrower may be able to obtain a loan from a responsible cooperative or private credit source, at reasonable rates and terms for loans for similar purposes, Borrower will, upon the Lender's request, apply for and accept such loan in sufficient amount to pay the note and any indebtedness secured hereby in full.

**9. Inspection.** Lender or its agent may make reasonable entries upon and inspections of the Property. Lender shall give Borrower notice at the time of or prior to an inspection specifying reasonable cause for the inspection.

**10. Condemnation.** The proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of any part of the Property, or for conveyance in lieu of condemnation, are hereby assigned and shall be paid to Lender. In the event of a total taking of the Property, the proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with any excess paid to Borrower. In the event of a partial taking of the Property in which the fair market value of the Property immediately before the taking is equal to or greater than the amount of the sums secured by this Security Instrument immediately before the taking, unless Borrower and Lender otherwise agree in writing, the sums secured by this Security Instrument shall be reduced by the amount of the proceeds multiplied by the following fraction: (a) the total amount of the sums secured immediately before the taking, divided by (b) the fair market value of the Property immediately before the taking. Any balance shall be paid to Borrower. In the event of a partial taking of the Property in which the fair market value of the Property immediately before the taking is less than the amount of the sums secured hereby immediately before the taking, unless Borrower and Lender otherwise agree in writing or unless applicable law otherwise provides, the proceeds shall be applied to the sums secured by this Security Instrument whether or not the sums are then due.

If the Property is abandoned by Borrower, or if, after notice by Lender to Borrower that the condemnor offers to make an award or settle a claim for damages, Borrower fails to respond to Lender within thirty (30) days after the date the notice is given, Lender is authorized to collect and apply the proceeds, at its option, either to restoration or repair of the Property or to the sums secured by this Security Instrument, whether or not then due. Unless Lender and Borrower otherwise agree in writing, any application of proceeds to principal shall not extend or postpone the due date of the monthly payments referred to in paragraphs 1 and 2 or change the amount of such payments.

**11. Borrower Not Released; Forbearance By Lender Not a Waiver.** Extension of the time for payment or modification of amortization of the sums secured by this Security Instrument granted by Lender to Borrower and any successor in interest of Borrower shall not operate to release the liability of the original Borrower or Borrower's successors in interest. Lender shall not be required to commence proceedings against any successor in interest or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Security Instrument by reason of any demand made by the original Borrower or Borrower's successors in interest. Any forbearance by Lender in exercising any right or remedy shall not be a waiver of or preclude the exercise of any right or remedy.

**12. Successors and Assigns Bound; Joint and Several Liability; Co-signers.** The covenants and agreements of this Security Instrument shall bind and benefit the successors and assigns of Lender and Borrower, subject to the provisions of paragraph 16. Borrower's covenants and agreements shall be joint and several. Any Borrower who co-signs this Security Instrument but does not execute the Note: (a) is co-signing this Security Instrument only to mortgage, grant and convey that Borrower's interest in the Property under the terms of this Security Instrument; (b) is not personally obligated to pay the sums secured by this Security Instrument; and (c) agrees that Lender and any other Borrower may agree to extend, modify, forbear or make any accommodations with regard to the terms of this Security Instrument or the Note without that Borrower's consent.

**13. Notices.** Any notice to Borrower provided for in this Security Instrument shall be given by delivering it or by mailing it by first class mail unless applicable law requires use of another method. The notice shall be directed to the Property Address or any other address Borrower designates by notice to Lender. Any notice to Lender shall be given by first class mail to Lender's address stated herein or any other address Lender designates by notice to Borrower. Any notice provided for in this Security Instrument shall be deemed to have been given to Borrower or Lender when given as provided in this paragraph.

**14. Governing Law; Severability.** This Security Instrument shall be governed by federal law. In the event that any provision or clause of this Security Instrument or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision. To this end the provisions of this Security Instrument and the Note are declared to be severable. This instrument shall be subject to the present regulations of Lender, and to its future regulations not inconsistent with the express provisions hereof. All powers and agencies granted in this instrument are coupled with an interest and are irrevocable by death or otherwise; and the rights and remedies provided in this instrument are cumulative to remedies provided by law.

**15. Borrower's Copy.** Borrower acknowledges receipt of one conformed copy of the Note and of this Security Instrument.

**16. Transfer of the Property or a Beneficial Interest in Borrower.** If all or any part of the Property or any interest in it is leased for a term greater than three (3) years, leased with an option to purchase, sold, or transferred (or if a beneficial interest in Borrower is sold or transferred and Borrower is not a natural person) without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by this

**17. Nondiscrimination.** If Borrower intends to sell or rent the Property or any part of it and has obtained Lender's consent to do so (a) neither Borrower nor anyone authorized to act for Borrower, will refuse to negotiate for the sale or rental of the Property or will otherwise make unavailable or deny the Property to anyone because of race, color, religion, sex, national origin, handicap, age, or familial status, and (b) Borrower recognizes as illegal and hereby disclaims and will not comply with or attempt to enforce any restrictive covenants on dwelling relating to race, color, religion, sex, national origin, handicap, age or familial status.

**18. Sale of Note; Change of Loan Servicer.** The Note or a partial interest in the Note (together with this Security Instrument) may be sold one or more times without prior notice to Borrower. A sale may result in a change in the entity (known as the "Loan Servicer") that collects monthly payments due under the Note and this Security Instrument. There also may be one or more changes of the Loan Servicer unrelated to a sale of the Note. If there is a change of the Loan Servicer, Borrower will be given written notice of the change in accordance with paragraph 13 above and applicable law. The notice will state the name and address of the new Loan Servicer and the address to which payments should be made.

**19. Uniform Federal Non-Judicial Foreclosure.** If a uniform federal non-judicial foreclosure law applicable to foreclosure of this security instrument is enacted, Lender shall have the option to foreclose this instrument in accordance with such federal procedure.

**20. Hazardous Substances.** Borrower shall not cause or permit the presence, use, disposal, storage, or release of any hazardous substances on or in the Property. The preceding sentence shall not apply to the presence, use, or storage on the Property of small quantities of hazardous substances that are generally recognized to be appropriate to normal residential uses and to maintenance of the Property. Borrower shall not do, nor allow anyone else to do, anything affecting the Property that is in violation of any federal, state, or local environmental law or regulation.

Borrower shall promptly give Lender written notice of any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the Property and any hazardous substance or environmental law or regulation of which Borrower has actual knowledge. If Borrower learns, or is notified by any governmental or regulatory authority, that any removal or other remediation of any hazardous substance affecting the Property is necessary, Borrower shall promptly take all necessary remedial actions in accordance with applicable environmental law and regulations.

As used in this paragraph "hazardous substances" are those substances defined as toxic or hazardous substances by environmental law and the following substances: gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials. As used in this paragraph, "environmental law" means federal laws and regulations and laws and regulations of the jurisdiction where the Property is located that relate to health, safety or environmental protection.

**21. Cross Collateralization.** Default hereunder shall constitute default under any other real estate security instrument held by Lender and executed or assumed by Borrower, and default under any other such security instrument shall constitute default hereunder.

NON-UNIFORM COVENANTS. Borrower and Lender further covenant and agree as follows:

**22. SHOULD DEFAULT** occur in the performance or discharge of any obligation in this instrument, or secured by this instrument, or should the parties named as Borrower die or be decreed incompetent, or should any one of the parties named as Borrower be discharged in bankruptcy or declared an insolvent, or make an assignment for the benefit of creditors, Lender, at its option, with or without notice, may: (a) declare the entire amount unpaid under the note and any indebtedness to Lender hereby secured immediately due and payable, (b) for the account of Borrower incur and pay reasonable expenses for repair or maintenance of and take possession of the property, (c) upon application by it and production of this instrument, without other evidence and without notice of hearing of said application, have a receiver appointed for the property, with the usual powers of receivers in like cases, (d) foreclose this instrument as provided herein or by law, and (e) enforce any and all other rights and remedies provided herein or by present or future laws.

**23.** The proceeds of foreclosure sale shall be applied in the following order to the payment of: (a) costs and expenses incident to enforcing or complying with the provisions hereof, (b) any prior liens required by law or a competent court to be so paid, (c) the debt evidenced by the note and all indebtedness to Lender secured hereby, (d) inferior liens of record required by law or a competent court to be so paid, (e) at Lender's option, any other indebtedness of Borrower owing to Lender, and (f) any balance to Borrower. At foreclosure or other sale of all or any part of the property, Lender and its agents may bid and purchase as a stranger and may pay Lender's share of the purchase price by crediting such amount on any debts of Borrower owing to Lender, in the order prescribed above.

**24.** Borrower agrees that Lender will not be bound by any present or future state laws, (a) providing for valuation, appraisal, homestead or exemption of the Property, (b) prohibiting maintenance of an action for a deficiency judgment or limiting the amount thereof or the time within which such action may be brought, (c)

LIBER **1 5 6 6** PAGE **8 8 3**

prescribing any other statue of limitations, (d) allowing any right of possession or, (e) limiting the conditions which Lender may be regulation impose, including the interest rate it may charge, as a condition of approving a transfer of the property to a new Borrower. Borrower expressly waives the benefit of any such state law. Borrower hereby relinquishes, waives, and conveys all rights, inchoate or consummate, of descent.

**25. Riders to this Security Instrument.** If one or more riders are executed by Borrower and recorded together with this Security Instrument, the covenants and agreements of each rider shall be incorporated into and shall amend and supplement the covenants and agreements of this Security Instrument as if the rider(s) were a part of this Security Instrument. [Check applicable box]

☐ Condominium Rider   ☐ Planned Unit Development Rider   ☒ Other(s) [specify]   Schedule A

Witnesses:

_____          _____ (Seal)
                                   Christopher Lee          Borrower

_____          _____ (Seal)
                                                            Borrower

## ACKNOWLEDGMENT

STATE OF NEW YORK        }
                         } SS:
COUNTY OF GENESEE        }

On the 2nd day of December in the year 2008, before me, the undersigned, a notary public in and for said State, personally appeared Christopher Lee, personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose names(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s) or the person on behalf of which the individual(s) acted, executed the instrument.

_____
                        Notary Public

MARY ANN E. WIATER
Notary Public, State of New York
Qualified in Genesee County
My Commission Expires 04/30/20 10

LIBER **1 5 6 6** PAGE **8 8 5**

STATE OF NEW YORK

COUNTY OF ONONDAGA                                    SS:

     Darcy L. Dwyer being duly sworn, deposes and says: That I am the Lead Single Family

Housing Underwriter for the United States of America Acting through Rural

Development, formerly Farmers Home Administration, U.S. Department of Agriculture.

     That Rural Development is an agency of the United States within the U.S. Department

of Agriculture for the purpose of administrating Government loan programs, as a Government

entity, it is exempt from the payment of mortgage taxes. Specific exemptions are also codified

at 7USC 1984 (1) and 42 USC 1490 h (1).

     This affidavit is made to support request for exemption from mortgage tax.

*6442 Sparks Rd*
*Pavilion, Ny 14525*
*Christopher Lee*

_____

Darcy L. Dwyer

Sworn to before me this

25th Day of November , 2008

_____

NOTARY PUBLIC

CARLA A. REESE
Notary Public for Cayuga Co.
Certificate # 01RE4706616
Commission Expires 3/31/20  11

**EXHIBIT C**

Form RD 3550-12
(Rev. 9-06)

**United States Department of Agriculture**
**Rural Housing Service**

Form Approved
OMB No. 0575-0172

Account #

## SUBSIDY REPAYMENT AGREEMENT

Only one agreement should be executed by the subject borrower for the subject property. The agreement is completed at the closing of the first Agency loan to the borrower regardless of whether or not they qualify for payment assistance at that time.

1. As required under section 521 of the Housing Act of 1949 (42 U.S.C. 1490a), subsidy received in accordance with a loan under section 502 of the Housing Act of 1949 is repayable to the Government upon the disposition or nonoccupancy of the security property. Deferred mortgage payments are included as subsidy under this agreement.

2. When I fail to occupy or transfer title to my home, recapture is due. If I refinance or otherwise pay in full without transfer of title and continue to occupy the property, the amount of recapture will be calculated but; payment of recapture can be deferred, interest free, until the property is subsequently sold or vacated. If deferred, the Government mortgage can be subordinated but will not be released nor the promissory note satisfied until the Government is paid in full. In situations where deferment of recapture is an option, recapture will be discounted 25% if paid in full at time of settlement.

3. Calculating Original Equity.

For Self-Help loans, the market value is the appraised value as determined at the time of loan approval/obligation, which is subject to completion per plans and specifications. If the house is not ultimately furnished under the Self-Help program, an amended agreement using the market value definition for all other transactions as outlined below must be completed.

For all other transactions, the market value is the lower of the:

> Sales price, construction/rehabilitation cost, or total of these costs, whichever is applicable
> OR
> Appraised value as determined at the time of loan approval/obligation.

If the applicant owns the building site free and clear or if an existing non-Agency debt on the site without a dwelling will not be refinanced with Agency funds, the market value will be the lower of the appraised value or the construction cost plus the value of the site.

Market value of property located at:

6442 Sparks Rd
Pavilion, NY   14525                          $ 110,324.00

| | | | |
|---|---|---|---|
| Less Prior Liens | $ _____ | Held by | _____ |
| | $ _____ | Held by | _____ |
| Less Subordinate Affordable Housing Products | $ 17,150.00 | Held by | ROI |
| | $ _____ | Held by | _____ |
| Less Rural Development Single Family Housing Loans | $ 97,900.00 | | |
| Equals Original Equity (If negative number use "0") | $ 0.00 | | |

Percent of Original Equity
(Determined by dividing original equity by the market value)                $ _____0.00_____ %

4. If all loans are not subject to recapture, or if all loans subject to recapture are not being paid, the amount to be recaptured is computed according to the following formula. Divide the balance of loans subject to recapture that are being paid by the balance of all open loans. Multiply the result by 100 to determine the percent of the outstanding balance of open loans being paid.

*According to the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number. The valid OMB control number for this information collection is 0575-0172. The time required to complete this information collection is estimated to average 5 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information.*

5.

| months<br>loan<br>outstanding | Average interest rate paid | | | | | | |
|---|---|---|---|---|---|---|---|
| | 1 % | 1.1<br>2% | 2.1<br>3% | 3.1<br>4% | 4.1<br>5% | 5.1<br>6% | 6.1<br>7% | >7% |
| 0 - 59 | .50 | .50 | .50 | .50 | .44 | .32 | .22 | .11 |
| 60 - 119 | .50 | .50 | .50 | .49 | .42 | .31 | .21 | .11 |
| 120 - 179 | .50 | .50 | .50 | .48 | .40 | .30 | .20 | .10 |
| 180 - 239 | .50 | .50 | .49 | .42 | .36 | .26 | .18 | .09 |
| 240 - 299 | .50 | .50 | .46 | .38 | .33 | .24 | .17 | .09 |
| 300 - 359 | .50 | .45 | .40 | .34 | .29 | .21 | .14 | .09 |
| 360 & up | .47 | .40 | .36 | .31 | .26 | .19 | .13 | .09 |

6. Calculating Recapture

Current Market value

LESS

Original amount of prior liens and subordinate affordable housing products,
RHS balance,
Reasonable closing costs,
Principal reduction at note rate,
Original equity (see paragraph 3), and
Capital improvements (see 7 CFR part 3550).

EQUALS

Appreciation value. (If this is a positive value, continue.)

TIMES

Percentage in paragraph 4 (if applicable),
Percentage in paragraph 5, and
Return on borrower's original equity (100% - percentage in paragraph 3).

EQUALS

Value appreciation subject to recapture. Recapture due equals the lesser of this figure or
the amount of subsidy received.

Borrower agrees to pay recapture in accordance with this agreement.

| Borrower | Date<br>12-02-2008 |
|---|---|
| Borrower | Date<br>12-02-2008 |

Form RD 3550-21
(03-06)   2/80

## RURAL HOUSING SERVICE
## PAYMENT SUBSIDY RENEWAL CERTIFICATION

FORM APPROVED
OMB NO. 0575-0172

CHRISTOPHER LEE
6442 SPARKS RD
PAVILION      NY 14525

**RECEIVED**
**JUN 03 2009**
Imaging Processing Unit

05/13/09

Please provide the following information in ink. If REQUESTED INFORMATION IS NOT PROVIDED,
**YOUR PAYMENT SUBSIDY REQUEST CANNOT BE PROCESSED!**

The information I (we) have provided is complete and true to the best of my (our) knowledge. I (we) understand that the
information below is being collected to determine if I am (we are) eligible to receive payment subsidies and that failure to
provide complete and accurate information can result in criminal and civil penalties.

_____     5-25-09      _____     _____
Borrower Signature          Date          Borrower Signature        Date

Home Phone No: ( 585 ) 584 - 8181          Alternate Phone or Work No: ( 716 ) 913 - 8567
**YOU MUST RETURN THIS FORM (NOT A COPY) BY MAIL. DO NOT FAX!**

**1. ALL ADULT HOUSEHOLD MEMBERS MUST SIGN AN "AUTHORIZATION TO RELEASE INFORMATION" FORM 3550-1**

**2. PLEASE FILL OUT THE FOLLOWING SECTION COMPLETELY:**

| HOUSEHOLD MEMBER'S FULL NAME - BEGIN WITH YOURSELF | RELATIONSHIP TO THE HEAD | AGE | SOCIAL SECURITY NUMBER | EMPLOYED YES / NO | FULL TIME STUDENT YES / NO | DISABLED YES / NO |
|---|---|---|---|---|---|---|
| Christopher Lee | SELF | | | X | | X |
| Joyce Lee | wife | | | X | X | X |
| Matthew Burk | son | | | X | X | X |
| Zachary Burk | son | | | X | X | X |
| Samantha Lee | daughter | | | X | X | X |
| Troy Lee | son | | | X | X | X |

**3. Yes X   No___** Did anyone living in your household file Federal Income Tax last year?
**YOU MUST INCLUDE A COPY OF LAST YEAR'S IRS FORM(S) 1040, 1040EZ, 1040A, OR TELEFILE TAX RECORDS
FOR ALL ADULT HOUSEHOLD MEMBERS WHO FILED. DO NOT SEND FORM 8453!!!**

**4. Yes ___   No X** Is anyone living in your household self-employed?
**IF YES – YOU MUST INCLUDE A COPY OF LAST YEAR'S FEDERAL INCOME TAX SCHEDULE FOR C OR F.**

**5. $_____** Amount of Real Estate Taxes due each year.         I am exempt from paying.

**6. $_____** Amount of Property Insurance paid each year.        I do not have insurance.

**7. ATTACH THE TWO (2) MOST RECENT AND CONSECUTIVE PAY STUBS FOR ALL JOBS IN YOUR HOUSEHOLD AND
COMPLETE THE FOLLOWING FOR EACH JOB:**

| HOUSEHOLD MEMBER'S FULL NAME | AMOUNT OF YEARLY INCOME | EMPLOYER NAME AND ADDRESS | EMPLOYER PHONE NO. |
|---|---|---|---|
| Christopher M. Lee | about 22,000.00 | Main Mobility  9580 Main St Clarence NY 14031 | 716) 759-6811 |
| | | | ( ) |
| | | | ( ) |

## *** COMPLETE 2ND PAGE OF THIS FORM ***

According to the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number. The valid OMB control number for this information collection is 0575-0172. The time required to complete this information collection is estimated to average 30 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information.

Form RD 3550-21
(03-06)

**RURAL HOUSING SERVICE**
**PAYMENT SUBSIDY RENEWAL CERTIFICATION**

FORM APPROVED
OMB NO. 0575-0172

CHRISTOPHER LEE
6442 SPARKS RD
PAVILION      NY 14525

RECEIVED
OCT 28 2010
Front-End Processing Unit

10/01/10

Please provide the following information in ink. **IF ANY REQUESTED INFORMATION IS NOT PROVIDED,
YOUR PAYMENT SUBSIDY REQUEST CANNOT BE PROCESSED!**

The information I (we) have provided is complete and true to the best of my (our) knowledge.  I (we) understand that the
information below is being collected to determine if I am (we are) eligible to receive payment subsidies and that failure to
provide complete and accurate information can result in criminal and civil penalties.

| Borrower Signature | 10·19·10 Date | Borrower Signature | Date |
|---|---|---|---|

Home Phone No: (585) 584-8181     Alternate Phone or Work No: (716) 913-8567
**YOU MUST RETURN THIS FORM (NOT A COPY) BY MAIL.  DO NOT FAX!**

**1. ALL ADULT HOUSEHOLD MEMBERS MUST SIGN AN "AUTHORIZATION TO RELEASE INFORMATION" FORM 3550-1**
**2. PLEASE FILL OUT THE FOLLOWING SECTION COMPLETELY.**

| HOUSEHOLD MEMBER'S FULL NAME - BEGIN WITH YOURSELF | RELATIONSHIP TO THE HEAD | AGE | SOCIAL SECURITY NUMBER | EMPLOYED YES / NO | | FULL TIME STUDENT YES / NO | | DISABLED YES / NO | |
|---|---|---|---|---|---|---|---|---|---|
| Christopher Lee | SELF | | | X | | | X | | X |
| Joyel Lee | Wife | | | | X | | X | | X |
| Matthew Mead | Son | | | | X | X | | | X |
| Zachary Burk | Son | | | | X | X | | | X |
| Samantha Lee | Daughter | | | | X | X | | | X |
| Troy Lee | Son | | | | X | X | | | X |

**3. Yes** X **No___ Did anyone living in your household file Federal Income Tax last year?**
        **YOU MUST INCLUDE A COPY OF LAST YEAR'S IRS FORM(S) 1040, 1040EZ, 1040A, OR TELEFILE TAX RECORDS**
        **FOR ALL ADULT HOUSEHOLD MEMBERS WHO FILED.** *DO NOT SEND FORM 8453!!!*

**4. Yes ___   No** X **Is anyone living in your household self-employed?**
        **IF YES – YOU MUST INCLUDE A COPY OF LAST YEAR'S FEDERAL INCOME TAX SCHEDULE FOR C OR F.**

**5. $_____** Amount of Real Estate Taxes due each year.          I am exempt from paying.

**6. $ 421.00** Amount of Property Insurance paid each year.          I do not have insurance.

**7. ATTACH THE TWO (2) MOST RECENT AND CONSECUTIVE PAY STUBS FOR ALL JOBS IN YOUR HOUSEHOLD AND
COMPLETE THE FOLLOWING FOR EACH JOB:**

| HOUSEHOLD MEMBER'S FULL NAME | AMOUNT OF YEARLY INCOME | EMPLOYER  NAME AND ADDRESS | EMPLOYER PHONE NO. |
|---|---|---|---|
| Christopher M. Lee | $23,889.28 | Main Mobility 9580 Main St Clarence NY 14031 | (716) 759-6811 |
| | | | (    ) |
| | | | (    ) |

**\* \* \* COMPLETE 2ND PAGE OF THIS FORM \* \* \***

*According to the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number. The valid OMB
control number for this information collection is 0575-0172.  The time required to complete this information collection is estimated to average 30 minutes per response, including the
time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information.*

*X6000022402* L1011001

Form RD 3550-21
(03-06 )

**RURAL HOUSING SERVICE**
**PAYMENT SUBSIDY RENEWAL CERTIFICATION**

FORM APPROVED
OMB NO. 0575-0172

CHRISTOPHER LEE
6442 SPARKS RD
PAVILION        NY 14525

**RECEIVED**

JAN 16 ☆

12/31/12

Please provide the following information in ink. IF ANY REQUESTED INFORMATION IS NOT PROVIDED,
YOUR PAYMENT SUBSIDY REQUEST CANNOT BE PROCESSED!

The information I (we) have provided is complete and true to the best of my (our) knowledge.  I (we) understand that the
information below is being collected to determine if I am (we are) eligible to receive payment subsidies and that failure to
provide complete and accurate information can result in criminal and civil penalties.

_____        1-10-13
Borrower Signature              Date          Borrower Signature                    Date

Home Phone No: ( 716 ) 913-8567 _____      Alternate Phone or Work No: (585) 584-8181
            **YOU MUST RETURN THIS FORM (NOT A COPY) BY MAIL.  DO NOT FAX!**

1. ALL ADULT HOUSEHOLD MEMBERS MUST SIGN AN "AUTHORIZATION TO RELEASE INFORMATION" FORM 3550-1
2. PLEASE FILL OUT THE FOLLOWING SECTION COMPLETELY:

| HOUSEHOLD MEMBER'S FULL NAME - BEGIN WITH YOURSELF | RELATIONSHIP TO THE HEAD | AGE | SOCIAL SECURITY NUMBER | EMPLOYED YES / NO | FULL TIME STUDENT YES / NO | DISABLED YES / NO |
|---|---|---|---|---|---|---|
| Christopher Lee | SELF |  |  | X |  | X |
| Joyel Lee | Wife |  |  | X | X | X |
| Matthew Mead | Son |  |  | X | X | X |
| Zachary Burk | Son |  |  | X | X | X |
| Samantha Lee | Daughter |  |  | X | X | X |
| Troy Lee | Son |  |  | X | X | X |

3. Yes X   No___ Did anyone living in your household file Federal Income Tax last year?
   YOU MUST INCLUDE A COPY OF LAST YEAR'S IRS FORM(S) 1040, 1040EZ, 1040A, OR TELEFILE TAX RECORDS
   FOR ALL ADULT HOUSEHOLD MEMBERS WHO FILED.  *DO NOT SEND  FORM 8453!!!*

4. Yes ___   No X Is anyone living in your household self-employed?
   IF YES – YOU MUST INCLUDE A COPY OF LAST YEAR'S FEDERAL INCOME TAX SCHEDULE FOR C OR F.

5. $_____      Amount of Real Estate Taxes due each year.        I am exempt from paying.

6. $_____      Amount of Property Insurance paid each year.       I do not have insurance.

7. ATTACH THE TWO (2) MOST RECENT AND CONSECUTIVE PAY STUBS FOR ALL JOBS IN YOUR HOUSEHOLD AND
   COMPLETE THE FOLLOWING FOR EACH JOB:

| HOUSEHOLD MEMBER'S FULL NAME | AMOUNT OF YEARLY INCOME | EMPLOYER NAME AND ADDRESS Main Mobility Inc. 9580 Main St Clarence NY | EMPLOYER PHONE NO. |
|---|---|---|---|
| Christopher M. Lee | 26,552.00 |  | ( 716 ) 759-6811 |
|  |  |  | (    ) |
|  |  |  | (    ) |

### *** COMPLETE 2ND PAGE OF THIS FORM ***

According to the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.  The valid OMB
control number for this information collection is 0575-0172.  The time required to complete this information collection is estimated to average 30 minutes per response, including the
time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information.

*SC000010703* L1011004

**EXHIBIT D**

FORM RECD 1944-14
                                                                        FORM APPROVED
                    UNITED STATES DEPARTMENT OF AGRICULTURE    OMB NO. 0575-0172
                              RURAL HOUSING SERVICE
             PAYMENT ASSISTANCE/DEFERRED MORTGAGE ASSISTANCE AGREEMENT
             --------------------------------------------------------
EFFECTIVE: 01/02/09       PAYMENT PLAN: MONTHLY
                                                              AGRMT TYPE: NEW
   ACCOUNT        NOTE        NOTE      MON INSTLMNT
   NUMBER         DATE       AMOUNT     AT NOTE RATE    MONTHLY         MONTHLY
   36913791     12/02/08    97,900.00      528.56       PAYMENT      PAYMENT ASSISTANCE
                                                         291.48            237.08

1. THIS AGREEMENT BETWEEN THE UNITED STATES OF AMERICA, ACTING THROUGH THE
   RURAL HOUSING SERVICE (RHS) PURSUANT TO SECTION 521 OF THE HOUSING ACT OF
   1949, (CALLED "THE GOVERNMENT") AND THE BORROWER WHOSE NAME APPEARS BELOW
   (CALLED "THE BORROWER") SUPPLEMENTS PROMISSORY NOTES OR ASSUMPTION
   AGREEMENTS (CALLED "THE NOTE" WHETHER ONE OR MORE) FROM BORROWER TO THE
   GOVERNMENT AS DESCRIBED ABOVE.

2. ADJUSTED FAMILY INCOME LIMITS FOR
   VERY LOW:      $0    LOW:       $0   MODERATE:      $0    AS OF 00/00/00
                                                      MEDIAN:       $0

3. HOUSEHOLD AND INCOME INFORMATION  -  TO BE COMPLETED BY THE BORROWER.
   COMPLETE THE FOLLOWING FOR BORROWER, CO-BORROWER, AND ALL ADULT MEMBERS OF
   THE HOUSEHOLD WHO WILL RECEIVE INCOME.

                              PLANNED INCOME
                             NEXT 12 MONTHS

NAME                    AGE  WAGES  OTHER   NAMES & ADDRESSES OF SOURCES OF INCOME
--------------------    ---  -----  -----   -------------------------------------
CHRISTOPHER LEE          31 28,433      0   MAIN MOBILITY INC/CLARNECE NY 14031
JOYCE LEE                 0      0    372   CHILD SUPPORT
                          0      0      0
                          0      0      0
NUMBER OF DEPENDENTS (NOT INCLUDING FOSTER CHILDREN) RESIDING IN DWELLING  3
ANNUAL REAL ESTATE TAXES               (DWELLING ONLY)   2,681.17
ANNUAL PROPERTY INSURANCE PREMIUM (DWELLING ONLY)          390.00

SIGNATURES OF BORROWERS: I (WE) CERTIFY THAT HOUSEHOLD AND FINANCIAL INFORMATION
SUBMITTED TO RURAL HOUSING SERVICE IS CORRECT TO THE BEST OF MY (OUR) KNOWLEDGE
AND HAVE READ AND UNDERSTOOD THE REQUIREMENTS AND CONDITIONS ON PAGES 2 AND 3 OF
THIS AGREEMENT.

NOTICE: FAILURE TO DISCLOSE ACCURATE AND TRUTHFUL FINANCIAL INFORMATION MAY
RESULT IN THE TERMINATION OF PROGRAM ASSISTANCE CURRENTLY BEING RECEIVED, AND
THE DENIAL OF FUTURE PROGRAM ASSISTANCE.

WARNING: SECTION 1001 OF TITLE 18, UNITED STATES CODE, PROVIDES: "WHOEVER, IN
ANY MATTER WITHIN THE JURISDICTION OF ANY DEPARTMENT OR AGENCY OF THE UNITED
STATES KNOWINGLY AND WILLFULLY FALSIFIES, CONCEALS OR COVERS UP BY ANY TRICK,
SCHEME, OR DEVICE A MATERIAL FACT, OR MAKES ANY FALSE, FICTITIOUS OR FRAUDULENT
STATEMENTS OR REPRESENTATIONS, OR MAKES OR USES ANY FALSE WRITING OR DOCUMENT
KNOWING THE SAME TO CONTAIN ANY FALSE, FICTITIOUS OR FRAUDULENT STATEMENT OR
ENTRY, SHALL BE FINED UNDER THIS TITLE OR IMPRISONED NOT MORE THAN FIVE YEARS,
OR BOTH."

_12-2-08_____        _____        _____
   (DATE)                      (BORROWER)                     (CO-BORROWER)

FORM RECD 1944-14

UNITED STATES DEPARTMENT OF AGRICULTURE                    PAGE 2
RURAL HOUSING SERVICE
PAYMENT ASSISTANCE/DEFERRED MORTGAGE ASSISTANCE AGREEMENT
-------------------------------------------------------
4. INCOME & PAYMENT CALCULATIONS-TO BE COMPLETED BY RHS OFFICIAL OR DESIGNEE.

```
TOTAL ANNUAL INCOME    28,805.60
DEDUCTIONS              1,440.00
ADJUSTED ANN INCOME    27,365.60


MONTHLY INSTALLMENT BASED ON 1% EQUIVALENT INTEREST RATE    291.47
MONTHLY REAL ESTATE TAX PAYMENT                             223.43
MONTHLY PROPERTY INSURANCE PAYMENT                           32.50
TOTAL PITI                                                  547.40

ADJUSTED INCOME X 24% / 12
MONTHLY NOTE RATE INSTALLMENT                               547.31
MONTHLY PAYMENT                                             528.56
MONTHLY PAYMENT ASSISTANCE                                  291.48
                                                           237.08
```

5. SUBJECT TO THE PROVISIONS OF THIS AGREEMENT,  THE BORROWER WILL PAY   291.48
DOLLARS PER MONTH FOR 24 MONTHS BEGINNING  01/02/09.  THIS AGREEMENT MAY BE
REVISED OR CANCELED AS PROVIDED BY THE CONDITIONS LISTED ON PAGE 3 OF
THIS AGREEMENT.

PUBLIC REPORTING BURDEN FOR THIS COLLECTION OF INFORMATION IS ESTIMATED TO
AVERAGE 20 MINUTES PER RESPONSE, INCLUDING THE TIME FOR REVIEWING INSTRUCTIONS,
SEARCHING EXISTING DATA SOURCES, GATHERING AND MAINTAINING THE DATA NEEDED, AND
COMPLETING AND REVIEWING THE COLLECTION OF INFORMATION.  SEND COMMENTS REGARDING
THIS BURDEN ESTIMATE OR ANY OTHER ASPECT OF THE COLLECTION OF INFORMATION,
INCLUDING SUGGESTIONS FOR REDUCING THIS BURDEN, TO DEPARTMENT OF AGRICULTURE,
CLEARANCE OFFICE, OIRM ROOM 404-W, WASHINGTON, D.C. 20250, AND TO THE OFFICE OF
MANAGEMENT AND BUDGET, PAPERWORK REDUCTION PROJECT (OMB NO. 0575-0059),
WASHINGTON, D.C. 20503.

FORM RECD 1944-14                                                             PAGE 3

### UNITED STATES DEPARTMENT OF AGRICULTURE
### RURAL HOUSING SERVICE
### PAYMENT ASSISTANCE/DEFERRED MORTGAGE ASSISTANCE AGREEMENT
-----------------------------------------------------------

6.   DEFERRED PAYMENT CALCULATIONS
     DATE OF INITIAL DEFERRED PAYMENT AGREEMENT: 00/00/00

| | | | | |
|---|---|---|---|---|
| ANNUAL NOTE PAYMENT AT 1% | $0.00 | TOTAL ANNUAL INCOME X 29% | | $0.00 |
| ANNUAL REAL ESTATE TAXES | $0.00 | | | |
| ANNUAL PROPERTY INSURANCE | $0.00 | MONTHLY DEFERRED PAYMENT | | $0.00 |
| ANNUAL PITI | $0.00 | MONTHLY DEFERRED ASSISTANCE | | $0.00 |

7.   AS REQUESTED BY THE GOVERNMENT, THE BORROWER WILL SUBMIT TO THE GOVERNMENT, IN A FORM PRESCRIBED OR APPROVED BY IT, A STATEMENT OF THE BORROWER'S TOTAL ANNUAL INCOME AND EXPENSES FOR THE PREVIOUS CALENDAR YEAR OR OTHER DESIGNATED PERIODS.

8.   THE GOVERNMENT MAY REVIEW THE BORROWER'S ANNUAL INCOME AND EXPENSES DURING THE TERM OF THIS AGREEMENT AND, IN ACCORDANCE WITH ITS REGULATIONS, MAY AT ITS DISCRETION INCREASE, DECREASE, OR CANCEL ANY AMOUNT OF PAYMENT ASSISTANCE OR DEFERRED MORTGAGE ASSISTANCE GRANTED UNDER THIS AGREEMENT. THE GOVERNMENT MAY ALSO DETERMINE WHETHER TO OFFER A NEW AGREEMENT FOR THE SUCCEEDING YEAR OR OTHER SELECTED PERIOD FOLLOWING THE PERIOD COVERED BY THIS AGREEMENT.

9.   AT ITS OPTION, THE GOVERNMENT MAY TERMINATE THIS AGREEMENT AT ANY TIME IT DETERMINES THAT:
      A. THE BORROWER HAS DEFAULTED UNDER ANY TERMS OR CONDITIONS OF THIS AGREEMENT, THE NOTE, OR ANY INSTRUMENT SECURING THE BORROWER'S LOAN OBLIGATIONS.
      B. THE BORROWER HAS NEVER OCCUPIED THE DWELLING AND RHS WILL NOT CONTINUE THE LOAN.
      C. THE BORROWER CEASES TO OCCUPY THE DWELLING.
      D. THE PROPERTY SECURING THE LOAN OBLIGATION HAS BEEN SOLD OR THE TITLE TRANSFERRED WITHOUT THE GOVERNMENT'S CONSENT OR APPROVAL.
      E. THE BORROWER IS NO LONGER ELIGIBLE FOR PAYMENT ASSISTANCE OR DEFERRED MORTGAGE ASSISTANCE.

10. DEFERRED PAYMENTS CANNOT BE GRANTED AFTER 15 YEARS FROM THE EFFECTIVE DATE OF THE INITIAL PAYMENT ASSISTANCE AGREEMENT.  ALL DEFERRED PAYMENTS OUTSTANDING AT THE TIME THE PROPERTY IS SOLD OR TITLE TRANSFERRED ARE SUBJECT TO RECAPTURE.

11. THE GOVERNMENT MAY AMEND OR CANCEL THE AGREEMENT AND COLLECT ANY AMOUNT OF REDUCTION GRANTED WHICH RESULTED FROM INCOMPLETE OR INACCURATE INFORMATION, AN ERROR IN COMPUTATION, OR ANY OTHER REASONS WHICH RESULTED IN PAYMENT ASSISTANCE OR DEFERRED MORTGAGE ASSISTANCE THAT THE BORROWER WAS NOT ENTITLED TO RECEIVE.

12. UPON THE FAILURE OF THE BORROWER TO MAKE THE PAYMENTS PRESCRIBED IN THIS AGREEMENT, THE GOVERNMENT, AT ITS OPTION AND SUBJECT TO ITS REGULATIONS, MAY DECLARE THE ENTIRE INDEBTEDNESS DUE TO THE GOVERNMENT IMMEDIATELY DUE AND PAYABLE.

13. NO TERMS OR CONDITIONS OF THE NOTE OR ANY RELATED SECURITY INSTRUMENT, OTHER THAN THE AMOUNT OF PAYMENT OR THE PAYMENT PLAN, SHALL BE AFFECTED BY THIS AGREEMENT.

14. THIS AGREEMENT IS SUBJECT TO THE PRESENT REGULATIONS OF RHS AND TO ITS FUTURE REGULATIONS NOT INCONSISTENT WITH THE EXPRESS PROVISIONS OF THIS AGREEMENT.

15. FOR LOANS APPROVED OR ASSUMED ON OR AFTER OCTOBER 1, 1979, ANY PAYMENT ASSISTANCE GRANTED AS A RESULT OF THIS AGREEMENT SHALL BE SUBJECT TO RECAPTURE BY THE GOVERNMENT WHEN THE PROPERTY SECURING THE LOAN IS SOLD, TITLE TO IT IS TRANSFERRED, OR WHEN IT IS NO LONGER OCCUPIED BY THE BORROWER.

16. IF THE DECISION CONTAINED IN THIS FORM RESULTS IN DENIAL, REDUCTION, OR CANCELLATION OF RHS ASSISTANCE, THE BORROWER MAY APPEAL THE DECISION AND HAVE A HEARING OR MAY REQUEST A REVIEW IN LIEU OF A HEARING.

**EXHIBIT E**

2.    Christopher Lee

                              -To-

The United States of America
acting through the Rural Housing
Service or successor agency, United
State Department of Agriculture
Rural Housing Service
c/o Centralized Servicing Center
United States Department of
Agriculture
P.O. Box 66889
St. Louis, Missouri 63166

Covers:  Same premises as No. 1.

Mortgage to secure: $97,900.00

Dated:  December 2, 2008
Ack.:   December 2, 2008
Rec.:   December 2, 2008
Liber 1566 of Mortgages, at Page 877
Mortgage No. CZ 1237

---

3.    Christopher Lee

                              -To-

Rural Housing Opportunities
Corporation
400 East Avenue
Rochester, New York 14607

Covers:  Same premises as No. 1.

Mortgage to secure: $17,150.00

Dated:  December 2, 2008
Ack.:   December 2, 2008
Rec.:   December 2, 2008
Liber 1566 of Mortgages, at Page 886
Mortgage No. CZ 1238

**EXHIBIT F**

**Certified Mail #70121640000042786804**

**March 31, 2015**

**Mr. Christopher Lee**
**6442 Sparks Rd.**
**Pavilion, NY 14525**

## YOU COULD LOSE YOUR HOME.  PLEASE READ THE FOLLOWING NOTICE CAREFULLY

As of March 31, 2015, your home loan is 363 days in default.  Under New York State Law, we are required to send you this notice to inform you that you are at risk of losing your home.  You can cure this default by making the payment of $12,867.26 dollars by April 14, 2015.

If you are experiencing financial difficulty, you should know that there are several options available to you that may help you keep your home.  Attached to this notice is a list of government approved housing counseling agencies in your area which provide free or very low-cost counseling.  You should consider contacting one of these agencies immediately.  These agencies specialize in helping homeowners who are facing financial difficulty.  Housing counselors can help you assess your financial condition and work with us to explore the possibility of modifying your loan, establishing an easier payment plan for you, or even working out a period of loan forbearance.  If you wish, you may also contact us directly at 315-477-6423 or 315-477-6416 and ask to discuss possible options.

While we cannot assure that a mutually agreeable resolution is possible, we encourage you to take immediate steps to try to achieve a resolution.  The longer you wait, the fewer options you may have.

If this matter is not resolved within 90 days from the date this notice was mailed, we may commence legal action against you (or sooner if you cease to live in the dwelling as your primary residence.)

If you need further information, please call the New York State Department of Financial Services' toll-free helpline at 1-800-342-3736 or visit the Department's website at http://www.dfs.ny.gov.

March 31, 2015

**Mr. Christopher Lee**
**6442 Sparks Rd.**
**Pavilion, NY 14525**

## YOU COULD LOSE YOUR HOME.  PLEASE READ THE FOLLOWING NOTICE CAREFULLY

As of March 31, 2015, your home loan is 363 days in default.  Under New York State Law, we are required to send you this notice to inform you that you are at risk of losing your home.  You can cure this default by making the payment of $12,867.26 dollars by April 14, 2015.

If you are experiencing financial difficulty, you should know that there are several options available to you that may help you keep your home.  Attached to this notice is a list of government approved housing counseling agencies in your area which provide free or very low-cost counseling.  You should consider contacting one of these agencies immediately.  These agencies specialize in helping homeowners who are facing financial difficulty.  Housing counselors can help you assess your financial condition and work with us to explore the possibility of modifying your loan, establishing an easier payment plan for you, or even working out a period of loan forbearance.  If you wish, you may also contact us directly at 315-477-6423 or 315-477-6416 and ask to discuss possible options.

While we cannot assure that a mutually agreeable resolution is possible, we encourage you to take immediate steps to try to achieve a resolution.  The longer you wait, the fewer options you may have.

If this matter is not resolved within 90 days from the date this notice was mailed, we may commence legal action against you (or sooner if you cease to live in the dwelling as your primary residence.)

If you need further information, please call the New York State Department of Financial Services' toll-free helpline at 1-800-342-3736 or visit the Department's website at http://www.dfs.ny.gov.



**U.S. Postal Service**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com.

**OFFICIAL USE**

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here

MAR 31 2015

DOWNTOWN · SYRACUSE NY · USPS

Sent To Christopher Lee
Street, Apt. No.; 6442 Sparks Rd.
or PO Box No.
City, State, ZIP+4 Pavilion NY 14525

PS Form 3800, August 2006          See Reverse for Instructions

7012 1640 0000 4278 6804

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Christopher Lee
6442 Sparks Rd.
Pavilion NY 14525

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____ ☐ Agent
                    ☐ Addressee

B. Received by ( Printed Name )     C. Date of Delivery
4/6/15

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
☐ Certified Mail      ☐ Express Mail
☐ Registered          ☐ Return Receipt for Merchandise
☐ Insured Mail        ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)     7012 1640 0000 4278 6804

PS Form 3811, February 2004       Domestic Return Receipt       102595-02-M-1540

**EXHIBIT G**



**New York State Department of Financial Services**
One State Street Plaza, New York, NY 10004

Proof of Filing Statement

To Whom It May Concern:

Section 1306 of the Real Property Actions and Proceedings Law (RPAPL) requires lenders, assignees or mortgage loan servicers servicing loans on 1-to-4 family residential properties in New York State to file certain information with the Superintendent of the Department Financial Services within three days after the mailing of a 90-Day Pre-Foreclosure Notice.

The information below pertains to a filing submitted to the Department of Financial Services as required in Section 1306 of RPAPL. The information is presented as filed by the lender, assignee or mortgage loan servicer.

**Filer Information:**

| | |
|---|---|
| Name | : USDA Rural Development |
| Address | : 441 South Salina St., Suite 357 |
| | Syracuse NY 13202 |

**Filing Information:**

| | |
|---|---|
| Tracking Number | : NYS3769124 |
| Mailing Date Step 1 | : 31-MAR-15 12.00.00.000 AM |
| Mailing Date Step 2 | : |
| Judgment Date Step 3 | : |
| Filing Date Step 1 | : 31-MAR-15 11.55.04.000 AM |
| Filing Date Step 1 Orig | : 31-MAR-15 11.53.28.000 AM |
| Filing Date Step 2 | : |
| Filing Date Step 3 | : |
| Owner Occupd at Jdgmnt | : |
| Property Type | : 1 to 4 Family Home |
| Property Address | : 6442 Sparks Rd.  Pavilion |
| | NY 14525 |
| County | : Genesee |
| Date of Original Loan | : 02-DEC-08 12.00.00.000 AM |
| Amt of Original Loan | : 97900 |
| Loan Number Step 1 | : |
| Loan Number Step 2 | : |
| Loan Reset Frequency | : |
| Loan Type | : 1st Lien |
| Loan Details | : Fixed Rate |
| Loan Term | : Other |
| Loan Modification | : No Modification |
| Days Delinquent | : Other |
| Borrower's Name | : Christopher  Lee |
| Address | : 6442 Sparks Rd. |
| | Pavilion  14525 |
| Borrower's Phone No | : 5857596811 |
| Filing Status | : Step 1 Completed |

Sincerely,

New York State Department of Financial Services



ZixMessage Center

- Inbox
- Compose
- Sent Mail
- Help
- ?
- Sign Out

ZixMessage Center Message View
carla.reese@ny.usda.gov

- Reply
- Reply All
- Delete
- More Actions ▾ Go

Last Sign In: Mar 31, 2015 11:55 AM

Received: Mar 31, 2015 11:59 AM
Expires: Apr 14, 2015 11:59 AM
From: preforeclosurefiling@dfs.ny.gov
To: carla.reese@ny.usda.gov
Cc:
Subject: STEP 1 filing confirmation

Dear Mortgage Lender, Assignee or Mortgage Loan Servicer:

Thank you for filing the required information for your 90-day Pre-Foreclosure Notices with the New York State Department of Financial Services, pursuant to Section 1306 of RPAPL.

This automatically generated e-mail provides the tracking number for the filing you have successfully submitted. Please retain the tracking number for your records. You will need to reference the unique tracking number of the filing when accessing the New York State Department of Financial Services online database to submit additional information in the event of a lis pendens filing on the property.

The tracking number is NYS3769124.
The name of the borrower is Christopher Lee.
The loan identifier that you may have submitted to us is
If no loan identifier was submitted the last item above may be blank.

If you have follow-up questions, please direct them to the most relevant department based on the three contacts listed below.

- Legal Questions: Legal Department at (212) 709-1663.
- Mortgage Questions: Howard Rotblatt at (212) 709-1511.
- System Questions: Department of Financial Services Help Desk at (800) 669-2476.

Sincerely

New York State Department of Financial Services

------------------------------------------------

This message was secured by ZixCorp(R).

- TRUSTe
- Privacy Policy
- New Privacy Policy Effective February 2015
- Cookie Disclosure
- Safe Harbor Statement

ZixMessage Center

VERIFICATION

STATE OF NEW YORK   )
                    )          ) ss:
COUNTY OF MONROE    )

Robert J. Kalb, being duly sworn, deposes and says:

1.   I am an Attorney duly admitted to practice in the Federal Courts of the Western District of the State of New York and have read the foregoing Complaint.

2.   The allegations of the Complaint are true, except those matters alleged-on information and belief, and those matters I believe to be true. The grounds of my knowledge and the sources of my information and belief are records of the Rural Housing Service, formerly known as the Farmers Home Administration and public records.

3.   This verification is made by me and not by Plaintiff because the United States of America is a sovereign.

S/Robert J. Kalb
_____
FORSYTH, HOWE, O'DWYER,
KALB & MURPHY, P.C.
One Chase Square, Suite 1900
Rochester, NY  14604
(585) 325-7515; Fax:  (585) 325-6287
Email:  Kalb@forsythhowe.com

Sworn to and subscribed before me
On this day:
January 11, 2016

_____
Notary Public

KRISTINE M. MAGIN
Notary Public in the State of New York
MONROE COUNTY
Commission Expires 3-7-2018